UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| JOANN SPOTTED BEAR, a/k/a Mato Gleska Weyen,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>MICHELLE POOR BEAR; JEAN WHIRLWIND HORSE; DEPART OF ADULTY OFFENDER FACILITY of the Oglala Sioux Tribe; HUMAN RESOURCES of the Oglala Sioux Tribe; DAKOTA LEGAL PLAINS; OGLALA SIOUX TRIBAL COUNCIL; OGLALA SIOUX COURTS; OGLALA SIOUX POLICE; JOHNSON DREAMER, Oglala Sioux HR Director; ALAN MOUSSEAUX, Oglala Sioux Vice President; OGLALA SIOUX TRIBAL DEPARTMENT OF CORRECTIONS; VERONICA BREWER RICHARDS; KEVIN CROSS; AUSTIN WATKINS; LISA ADAMS, Dakota Legal Plains Services; BETTY GOINGS, Tribal Court; FRANK STAR COMES OUT, Oglala Sioux Tribe; and JUDGE DILLON, OST Tribal Judge,<br><br>　　　　　　Defendants. | **5:24-CV-05009-CCT**<br><br>**ORDER DENYING PLAINTIFF'S MOTIONS FOR THE APPOINTMENT OF COUNSEL** |

　　　Plaintiff, Joann Spotted Bear, filed a pro se lawsuit alleging wrongful termination, among other claims. Docket 1. She moves for appointment of counsel. Dockets 2, 16, 33.

## DISCUSSION

　　　Spotted Bear moves to appoint counsel for the following reasons:

1

> 1. I am the plaintiff in the above-entitled case and I believe I am entitled to redress.
> 2. Because of my poverty I am unable to pay a reasonable attorney fee.
> 3. I have made diligent efforts to obtain legal counsel, but because of my poverty I have been unable to secure same. The attorneys I contacted are: [left blank.

Dockets 2, 16. Spotted Bear did not list any attorneys that she has contacted regarding her case. *Id.* However, the attachment to her complaint indicates that she has "looked for lawyer in the State of South Dakota and on the internet as well as Dakota Legal Services." Docket 1-1 at 1. The Court granted her motion for leave to proceed in formal pauperis on January 16, 2025. Docket 32.

"A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (citing *Wiggins v. Sargent*, 753 F.2d 663, 668 (8th Cir. 1985)). Under 28 U.S.C. § 1915(e)(1) "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). District courts may appoint counsel, and the Eighth Circuit has acknowledged the "express authority of the district court to make such appointments." *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984) (citing *White v. Walsh*, 649 F.2d 560, 563 (8th Cir. 1981)).

In determining whether to appoint counsel to a pro se litigant in a civil case, the district court considers "the complexity of the case, the ability of the indigent litigant to investigate the facts, the existence of conflicting testimony, and the ability of the indigent to present [her] claim." *Stevens*, 146 F.3d at 546 (citation omitted). Spotted Bear brings an action for wrongful termination.

2

Docket 1. She has also filed an amended complaint and eighteen supplements. Dockets 7–12, 14, 17–22, 24, 25, 27–29, 31. The majority of the supplements appear to be documents related to Spotted Bear's employment as a correctional officer with the Oglala Sioux Tribe and her termination from that position. *See generally id.*[1] She has also moved to further amend her complaint to add a defendant, Docket 34, and moved for leave to file an additional supplement, Docket 35. Spotted Bear's filings thus far show her ability to litigate her claims to this Court.

Considering these factors, the Court does not deem it necessary to appoint counsel at this stage in litigation. The Court is aware that this situation may change as litigation progresses. As the Eighth Circuit Court of Appeals instructs, the Court will "continue to be alert to the possibility that, because of procedural complexities or other reasons, later developments in the case may show either that counsel should be appointed, or that strict procedural requirements should, in fairness, be relaxed to some degree." *Williams v. Carter*, 10 F.3d 563, 567 (8th Cir. 1993) (citations omitted). Thus, Spotted Bear's motions for the appointment of counsel, Dockets 2, 16, and 33 are denied.

## CONCLUSION

Based on the foregoing reasons, it is hereby

---

[1] It appears that the alleged reasons for Spotted Bear's termination were (1) "Abandonment of Position"; (2) "Creating or being involved in work place violence"; (3) "Endangering the safety of fellow employees/clients[.]" Docket 7 at 1.

3

ORDERED that Spotted Bear's motions for the appointment of counsel (Docket 2, 16, 33) are denied without prejudice.

Dated March 17, 2025.

BY THE COURT:

/s/ *Camela C. Theeler*
CAMELA C. THEELER
UNITED STATES DISTRICT JUDGE